UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| T1 G1 DALLAS SOLAR MODULE LLC,<br><br>Plaintiff,<br><br>v.<br><br>RWE AKTIENGESELLSCHAFT,<br><br>Defendant. | Case No. 26-cv-7049 |

## NOTICE OF REMOVAL

Defendant RWE Aktiengesellschaft ("RWE AG" or "Defendant"), by and through its undersigned counsel, hereby gives notice under 28 U.S.C. §§ 1441 and 1446 of its removal of the above-captioned case from the Supreme Court of the State of New York, New York County to the United States District Court for the Southern District of New York. Removal is proper under 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount-in-controversy requirement is satisfied.

### I. BACKGROUND

1. This case stems from a separate dispute between a subsidiary of Defendant RWE AG, RWE Investco EPC Mgmt, LLC ("RWE Investco"), and Plaintiff T1 G1 Dallas Solar Module LLC ("G1" or "Plaintiff"), related to a long-term solar module supply contract (the "Supply

Contract") between those entities. Compl. ¶¶ 8–20.[1] The Supply Contract governed RWE Investco's purchase of solar modules from Plaintiff. *See id.* at 1, ¶ 9.

2. At the time of contract execution, RWE AG provided a written guaranty of RWE Investco's payment obligations under the Supply Contract ("RWE AG Guaranty"). *See id.* ¶ 10.

3. In July 2024, Trina Solar (U.S.), Inc. ("Trina"), the original counterparty to the Supply Contract, assigned nearly all its obligations under the Supply Contract to G1. Compl. ¶ 11. Post-assignment, a dispute arose between RWE Investco and G1 regarding G1's performance under and breaches of the Supply Contract. That dispute is currently the subject of competing breach of contract and declaratory judgment claims in California state court.

4. On January 7, 2026, RWE Investco sued G1 and Trina[2] in the Superior Court of the State of California for the County of San Francisco, seeking declaratory relief and damages related to G1 and Trina's breaches of the Supply Contract. That case is styled *RWE Investco EPC Mgmt, LLC v. Trina Solar (U.S.), Inc.*, No. CGC-26-632187 (the "California Action"). A true and correct copy of RWE Investco's complaint in the California Action is attached as Exhibit 2.

5. Two weeks later, G1 filed a Cross-Complaint against RWE Investco in the California Action, seeking declaratory relief and damages related to RWE Investco's alleged breaches of the Supply Contract. A true and correct copy of G1's Cross-Complaint in the California Action is attached as Exhibit 3.

---

[1] "Complaint" or "Compl." refers to the Complaint filed by Plaintiff against RWE AG, attached hereto as Exhibit 1. True and correct copies of the docket sheet and two orders filed in the case are attached as Exhibit 9.

[2] The California Action named T1 G1 Dallas Solar Module (Trina) LLC, as a Defendant. That entity later changed its name to T1 G1 Dallas Solar Module LLC, which is the named Plaintiff in this action. *See* Ex. 2 at 1, Ex. 5 at 5–6.

6. On March 9, 2026, G1 filed a lawsuit against RWE AG in the Supreme Court of the State of New York, New York County asserting a single cause of action for breach of the RWE AG Guaranty (the "New York Action"). *See* Compl. ¶¶ 27–31. G1 filed the New York Action pursuant to a forum selection clause in the RWE AG Guaranty. Compl. ¶ 5. That Complaint forms the basis of the present removal action.

7. Because RWE AG is a German corporation, Compl. ¶ 2, service of the Complaint in the New York Action was subject to the Hague Convention. RWE AG was served according to this process on July 21, 2026. A true and correct copy of the Proof of Service is attached as Exhibit 4.[3]

8. RWE AG now timely removes under 28 U.S.C. § 1446(b)(1).

9. RWE AG is the sole defendant named in the Complaint, so no other parties' consent is required for removal. 28 U.S.C. § 1446(b)(2)(A).

## II. THIS COURT HAS JURISDICTION UNDER 28 U.S.C. § 1332(a)(2).

10. The Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(2) because complete diversity exists between Plaintiff and Defendant, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### A. There Is Complete Diversity Between The Parties.

11. Plaintiff G1 is a Texas limited liability company. Compl. ¶ 1. Because G1 is a limited liability company, the Court looks to the citizenship of its members to ascertain G1's citizenship for purposes of assessing diversity jurisdiction. *See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir. 2000).

---

[3] Exhibits 1, 4, and 9 constitute all pleadings, process, and orders in the action. *See* 28 U.S.C. § 1446(a).

12. G1's members are (a) T1 G1 Dallas Midco Inc. ("Midco") and (b) T1 G1 Dallas Associated Entity LLC ("Dallas Associated"). *See* Ex. 10 ¶ 10; Ex. 5 at 7.[4] On information and belief based on publicly available information, Dallas Associated is a Texas limited liability company whose member is Midco.[5] Accordingly, the citizenship of Midco determines the citizenship of G1.

13. Midco is a corporation. Courts look to the state of incorporation and principal place of business to determine the citizenship of a corporation. *See Kupferberg v. Baez*, 2025 WL 2346060, at *3 (S.D.N.Y. Aug. 13, 2025) (citing *United Food & Com. Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 302 (2d Cir. 1994)). On information and belief, Midco is incorporated in Delaware, Ex. 7, with its principal place of business in Texas, Ex. 8, Ex. 12 ¶ 2. Accordingly, Plaintiff G1 is a citizen of Delaware and Texas. *See* Ex. 12 ¶ 4.

14. RWE AG is a German corporation with its principal place of business in Germany. It is thus a "citizen[] or subject[] of a foreign state." 28 U.S.C. § 1332(a)(2).

15. Diversity of citizenship is assessed at the time the "action was filed in state court as well as at [the] time of removal." *United Food & Com. Workers Union*, 30 F.3d at 301.

---

[4] "It is well settled" that "courts may consider extrinsic evidence outside the pleadings in determining whether subject matter jurisdiction exists." *D'Andrea v. Encompass Ins. Co. of Am.*, 2016 WL 11626468, at *1 (W.D.N.Y. Mar. 28, 2016) (citing *Luckett v. Bure*, 290 F.3d 493, 496–97 (2d Cir. 2002)).

[5] *See* Ex. 6 (Texas Secretary of State Business Inquiry identifying Trina Solar US Manufacturing Holding, Inc., now Midco, as member of Dallas Associated); Ex. 11 (corporate disclosure statement in *T1 G1 Dallas Solar Module (Trina) LLC v. TKO StaffPros, LLC*, No. 4:25-cv-01470 (N.D. Tex.) identifying "T1 G1 Dallas Associated Entity LLC" and "T1 Dallas Midco Inc." as "member[s]" of T1 G1 Dallas Solar Module (Trina) LLC); Ex. 12 ¶ 2 (complaint in *T1 G1 Dallas Solar Module (Trina) LLC v. TKO StaffPros, LLC*, No. 4:25-cv-01470 (N.D. Tex.) stating "T1 G1 Dallas Associated Entity LLC's sole member is T1 Dallas Midco Inc").

16. Under 28 U.S.C. § 1332(a)(2), this Court has subject matter jurisdiction over civil actions with a sufficient amount in controversy that are between "citizens of a State and citizens . . . of a foreign state."

17. Because Plaintiff G1 is a citizen of Delaware and Texas and Defendant RWE AG is a citizen of Germany, there is complete diversity. *See Creaciones Con Idea, S.A. de C.V. v. MashreqBank PSC*, 75 F. Supp. 2d 279, 282 (S.D.N.Y. 1999), *aff'd*, 232 F.3d 79 (2d Cir. 2000) (diversity jurisdiction under Section 1332(a)(2) extends to actions involving foreign litigants "where at least one of the parties is a citizen of the United States").

**B. The Amount In Controversy Is Over $75,000.**

18. To satisfy the amount-in-controversy requirement, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014).

19. Plaintiff's Complaint seeks $100 million in damages, Compl. ¶ 32, which exceeds the $75,000 threshold, exclusive of interest and costs. 28 U.S.C. § 1332(a).

## III. REMOVAL IS PROPER UNDER 28 U.S.C. §§ 1441 AND 1446.

20. Because this action is within this Court's original jurisdiction under 28 U.S.C. § 1332(a), the action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

21. Removal to this District is proper because the Supreme Court of the State of New York, County of New York, where the underlying state action was filed, is within the Southern District of New York. *See* 28 U.S.C. § 1446(a); 28 U.S.C. § 112(b).

22. Removal is also consistent with the forum selection clause in the RWE AG Guaranty upon which Plaintiff's breach of contract claim is based, which provides that disputes "arising out of or relating to th[e] Guaranty" shall be adjudicated in "the state or federal courts sitting in New York (borough of Manhattan), New York." Compl. ¶ 5.

23. Under 28 U.S.C. § 1446(d), RWE AG will promptly give written notice of this Notice of Removal to Plaintiff's counsel of record and will file a copy of this Notice of Removal with the Clerk for the Supreme Court of the State of New York, County of New York.

## IV. CONCLUSION

Defendant RWE AG notices the removal of this case to the United States District Court for the Southern District of New York.

Dated: August 18, 2026

GIBSON, DUNN & CRUTCHER LLP

By: /s/ *Christopher D. Belelieu*
Christopher D. Belelieu
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Tel: (212) 351-4000
cbelelieu@gibsondunn.com

John T. Cox III (*pro hac vice* forthcoming)
TCox@gibsondunn.com
Ashley E. Johnson (*pro hac vice* forthcoming)
AJohnson@gibsondunn.com
Thomas A. Manakides (*pro hac vice* forthcoming)
TManakides@gibsondunn.com
2001 Ross Avenue, Suite 2100
Dallas, TX 75201

*Attorneys for Defendant RWE Aktiengesellschaft*