# Exhibit 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

| | |
|---|---|
| T1 G1 DALLAS SOLAR MODULE LLC, Plaintiff, | Index No. __________ |
| - against - | **COMPLAINT** |
| RWE AKTIENGESELLSCHAFT, Defendant. | |

Plaintiff T1 G1 Dallas Solar Module LLC ("G1" or "Plaintiff"), by and through its attorneys, brings this action against Defendant RWE Aktiengesellschaft ("RWE AG" or "Defendant"). Plaintiff brings this action, upon personal knowledge as to itself and its own actions and otherwise upon information and belief, for damages and to vindicate its rights under New York law.

G1 is a subsidiary of T1 Energy, Inc ("T1"), a proud American solar company, and the G1_Dallas facility is a state-of-the-art manufacturing plant—one of the most technologically advanced photovoltaic solar module factories in the world. G1 and RWE Investco EPC Mgmt, LLC ("RWE Investco") are parties to a long-term cost-plus offtake agreement (the "Supply Contract"), wherein RWE Investco committed to purchase a minimum volume of solar modules every quarter that G1 would manufacture. In a separate contract that is the subject of this action, RWE AG, the parent company of RWE Investco, provided an unconditional guaranty of RWE Investco's payment obligations under the Supply Contract (the "Guaranty Agreement").

Initially, the relationship progressed as the Supply Contract intended: G1 and RWE Investco discussed the products that would be manufactured, RWE Investco's industry-

accredited vendor inspected G1's facility and products, G1 manufactured the products, and RWE Investco paid without issue or objection. But in June 2025, despite G1's continued performance, RWE Investco raised pretextual claims of purported breach. Although the parties ultimately negotiated a fixed price for the previously manufactured products, and despite G1's good faith efforts over the next several months to reach a resolution that would allow it and RWE Investco to continue their relationship, in December 2025, RWE Investco unilaterally (and improperly) attempted to terminate the Supply Contract by refusing to pay for and pick up its next installments of products.[1] To be clear, if RWE Investco had legitimate concerns about product quality, the Supply Contract set forth a straightforward process for raising and addressing such issues. Tellingly, RWE Investco took no such steps and its conduct, including acceptance after inspection, is to the contrary. For whatever reason that RWE Investco decided it wanted out of its long-term commitment to purchase products from G1, including because market prices had decreased since RWE Investco committed to purchase the products on a cost-plus basis, its after-the-fact assertions do not absolve it from its binding contractual commitments.

In light of the breach by RWE Investco and its refusal to satisfy its contractual obligation to pay for products that have been manufactured and made available to it, G1 is forced to seek the remedy that RWE AG itself contractually committed to provide. RWE AG owes an independent and unconditional obligation to pay G1, enforceable under New York law and in a New York court pursuant to the forum selection clause in Section 14 of the Guaranty Agreement.

---

[1] In response to suit filed by RWE Investco, G1 has also asserted claims against RWE Investco for breach of contract and equitable relief in California state court pursuant to the forum selection provision of the Supply Contract. *RWE Investco EPC Mgmt, LLC v. Trina Solar (U.S.), Inc. et al.*, No. CGC-26-632187 (Cal. Super. Ct. S.F. Cty. filed Jan. 22, 2026).

## PARTIES

1. Plaintiff T1 G1 Dallas Solar Module LLC is a Texas limited liability company and an indirect wholly owned subsidiary of T1, with its principal place of business in Wilmer, Texas.

2. Defendant RWE Aktiengesellschaft is a German corporation with its registered office at RWE Platz 1, 45141 Essen, Germany.

3. As described in greater detail below, G1 and RWE AG are counterparties to a Guaranty Agreement executed October 13, 2023.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action and personal jurisdiction over the parties.

5. Section 14 of the Guaranty Agreement provides, in relevant part, that:

> This Guaranty shall be governed by and construed in accordance with the laws of the State of New York, without regard to its conflict of law provisions. . . . The Parties agree that all disputes arising out of or relating to this Guaranty shall be finally adjudicated through litigation in the state or federal courts sitting in New York (borough of Manhattan), New York. Each Party irrevocably submits to the jurisdiction and venue of such courts and waives its right to any jurisdictional defense that such litigation is brought in an inconvenient forum.

6. Additionally, subject matter jurisdiction and personal jurisdiction are proper in this Court pursuant to General Obligations Law § 5-1402. The Guaranty Agreement (1) contains a New York forum selection clause in which Defendant submits to the jurisdiction of the courts of New York; (2) provides for New York choice of law in accordance with General Obligations Law § 5-1401; and (3) involves aggregate obligations of $1 million or more.

7. Venue lies in New York County pursuant to CPLR 501 because Section 14 of the Guaranty Agreement designates courts located in Manhattan, New York as the exclusive forum

for disputes arising out of the Guaranty Agreement. Venue is also proper in this Court under CPLR 503(a) and 509 because Plaintiff designated New York County as the place of trial.

## FACTUAL ALLEGATIONS

8. This breach of contract action arises from RWE AG's breach of its unconditional guaranty of payment obligations owed to G1.

9. In July 2023, non-party Trina Solar (U.S.), Inc. ("Trina US") entered into the Supply Contract with non-party RWE Investco.

10. In addition to committing RWE Investco to purchase a minimum volume of wattage per quarter, the Supply Contract required RWE Investco to procure a guaranty from its parent company, Defendant RWE AG, within ten business days after RWE Investco's payment of a production reservation fee. On October 13, 2023, Defendant and Trina US executed the Guaranty Agreement.

11. Effective July 24, 2024, Trina US assigned its rights under the Guaranty Agreement to Trina Solar US Manufacturing Module 1, LLC (now operating as G1), which T1 purchased in the end of 2024.

**RWE Investco's Failure to Pay**

12. Under the Supply Contract, RWE Investco is required to make pre-payments before receipt of the solar modules and an additional payment after delivery. G1 began manufacturing and delivering the solar modules as planned in early 2025.

13. Initially, RWE Investco made its pre-payments as scheduled. But, around June 2025, RWE Investco abruptly failed to pay for or collect any products.

14. In July 2025, the parties negotiated an alternative payment arrangement for the outstanding amounts for the first two quarters of 2025, and RWE Investco proceeded to collect

the products for the first half of 2025 at a negotiated, fixed price. Since July 2025, G1 has continued to engage with RWE Investco in good faith and consistent with its continued desire to supply products to RWE Investco.

15. On October 7, 2025, Plaintiff sent RWE Investco invoices totaling tens of millions of dollars for pre-payments under the Supply Contract (Invoice Nos. T1-G1 250027, T1-G1 250028, T1-G1 250029, and T1-G1 2500210 (the "October Invoices")) relating to products for the third and fourth quarters of 2025 and the first quarter of 2026—invoices that had come due while Plaintiff and RWE Investco engaged in the good faith (and indeed at least partially successful) negotiations described above. Payment for the October Invoices was due immediately.

16. RWE Investco failed to pay the October Invoices.

17. On December 21, 2025, Plaintiff sent a written notice of dispute to RWE Investco, informing it that payment for the October Invoices was overdue.

18. On December 21, 2025, Plaintiff also sent RWE Investco invoices for an additional tens of millions of dollars, which represented additional pre-payments and post-delivery payments due under the Supply Contract (Invoice Nos. T1-G1 2500211, T1-G1 2500212, and T1-G1 2500214 (the "December Invoices")) relating to products from the fourth quarter of 2025 and the first and second quarters of 2026:

a. payment for Invoice No. T1-G1 2500212 was due immediately;

b. payment for Invoice No. T1-G1 2500214 was due on January 1, 2026; and

c. payment for Invoice No. T1-G1 2500211 was due on January 20, 2026.

19. On January 2, 2026, RWE Investco indicated that it does not intend to pay any amounts pursuant to the October and December invoices.

20. Despite multiple requests for payment between October 2025 and the date of this Complaint, RWE Investco has failed to pay any portion of the over $100 million owed under the October and December Invoices.

**RWE AG's Failure to Pay**

21. Section 6 of the Guaranty Agreement requires G1 to send a form of payment demand to Defendant to receive payment.

22. Accordingly, on January 3, 2026, pursuant to Section 6 of the Guaranty Agreement, G1 sent its first of two demands to RWE AG, demanding payment for the six unpaid invoices that were overdue as of that date (Invoice Nos. T1-G1 250027, T1-G1 250028, T1-G1 250029, T1-G1 2500210, T1-G1 2500212, and T1-G1 2500214). Under Section 6 of the Guaranty Agreement, Defendant was contractually required to pay this amount within 15 business days. To date, Defendant has failed to make any payment and instead has informed G1 that it will not pay.

23. On January 21, 2026, pursuant to Section 6 of the Guaranty Agreement, G1 sent a second demand letter to Defendant. This letter demanded payment in connection with Invoice No. T1-G1 2500211, which was due on January 20, 2026. As before, under the Guaranty Agreement, Defendant was contractually required to pay this amount within 15 business days but, as of the date of the filing of this lawsuit, has failed to do so.

24. Altogether, Plaintiff has properly demanded payment for over a hundred million dollars for seven unpaid invoices.

**Defendant's Guaranty**

25. Pursuant to Section 1(a) of the Guaranty Agreement, Defendant's guarantee of RWE Investco's payment obligations is "unconditional[] and absolute[]." This payment

obligation includes all reasonable legal fees, costs, and expenses incurred by G1 in connection with collection and enforcement of its payment rights, up to $100 million.

26. Section 2 of the Guaranty Agreement provides that Plaintiff is not required to exhaust its remedies against RWE Investco before enforcing the Guaranty Agreement against Defendant. Plaintiff's sole obligations under the Guaranty Agreement were to provide notices and written demands for payment to Defendant. Plaintiff has fully performed these obligations. But Defendant's failure to fulfill its obligations has deprived Plaintiff of the benefit of its bargain. Accordingly, Defendant is immediately and directly liable for the guaranteed obligations.

**FIRST CAUSE OF ACTION**

**(Breach of Contract - Guaranty Agreement)**

27. Plaintiff incorporates and realleges by reference all of the preceding allegations.

28. Defendant unconditionally guaranteed RWE Investco's payment obligations under the Supply Contract, up to $100 million. This contract was later assigned to Plaintiff.

29. Plaintiff has fully performed its obligations under the Guaranty Agreement by sending the demands for payment as required under Section 6 of the Guaranty Agreement.

30. As set forth above, Defendant has breached the Guaranty Agreement by failing to pay the amounts presently due to Plaintiff.

31. Plaintiff has suffered damages and continues to suffer damages as a result of Defendant's failure to make payments due and owing under the Guaranty Agreement.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief and prays that this Court enter judgment in its favor and against Defendant as follows:

32. An order granting damages in the amount of $100,000,000;

33. Interest at the maximum legal rate on all sums awarded;

34. Attorneys' fees and/or costs in the maximum amount permitted and/or provided for by law or contract; and

35. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
March 9, 2026

SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

*/s/ Lara A. Flath*
Lara A. Flath
Alexander C. Drylewski
Paget M. Houston
Kelly T. Guerin
One Manhattan West
New York, New York 10001
Telephone: (212) 735-3000
Facsimile: (212) 735-2000
Email: lara.flath@skadden.com
Email: alexander.drylewski@skadden.com
Email: paget.houston@skadden.com
Email: kelly.guerin@skadden.com

Emily A. Haffner (*pro hac vice* forthcoming)
525 University Ave
Palo Alto, California 94301
Telephone: (650) 470-4500
Email: emily.haffner@skadden.com

*Attorneys for Plaintiff T1 G1 Dallas Solar Module LLC*